**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **EUTIMIO GIMENEZ MARRERO,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-2334-KC** |
| | § | |
| **TODD BLANCHE, et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

On this day, the Court considered Eutimio Gimenez Marrero's Petition for a Writ of Habeas Corpus, ECF No. 3. Gimenez Marrero is detained at the El Paso Service Processing Center in El Paso, Texas. Mot. ¶ 1, ECF No. 1. He argues that his detention is unlawful and asks the Court to order his release. Pet. ¶¶ 23–47; *id.* at 10.

Gimenez Marrero, a citizen of Cuba, entered the United States in 2002. Pet. ¶ 14. He was apprehended upon entry and subsequently paroled into the country. *Id.* Gimenez Marrero received a final order of removal on January 31, 2003. Resp. 4, ECF No. 5. He then lived at liberty in the country for a period of years. *See id.* ¶¶ 16–19. On April 5, 2026, while at the airport in Miami, Florida after being denied entry to Cuba, Gimenez Marrero was detained by immigration authorities. Resp. 4; Advisory, ECF No. 9. He has remained in immigration detention since that date. Resp. 4–5. Gimenez Marrero argues that the likelihood of his removal has not changed since he was first ordered removed, as travel documents have not been obtained and "there have been no changes to the removal efforts." Pet. ¶¶ 41–42. He has now been detained continuously for approximately five and a half months, and he has been detained by

immigration authorities for nearly eleven months, in the aggregate, since entry of his final removal order. *See* Resp. 4.

On September 12, 2026, the Court ordered Respondents to show cause why Gimenez Marrero's Petition, ECF No. 3, should not be granted. Sep. 12, 2026, Order, ECF No. 2. Respondents argued that Gimenez Marrero's Petition should be denied because "[he] is lawfully detained with a final order of removal, his constitutional challenge to continued detention is not ripe until he has been detained in post-order custody for at least six months, and there is insufficient reason to believe that removal is unlikely in the foreseeable future." Resp. 3. The Court then ordered Respondents to file a show cause order, by no later than September 23, 2026, informing the Court whether Respondents detained Gimenez Marrero after his final removal order, and prior to his arrest on April 5, 2026, and if so, for how long. *See* Sep. 22, 2026, Order 1, ECF No. 6.

Respondents inform the Court that Gimenez Marrero remains in immigration custody. *See* Advisory. On August 4, 2026, Cuba denied Gimenez Marrero for repatriation. *See* Resp. 4. And though Respondents attempted on August 19, 2026, and September 8, 2026, to remove Gimenez Marrero to Mexico, he did not consent to be deported to that country. *See id.* at 5.

A noncitizen who has been ordered removed may be detained to effectuate his removal only for "a period reasonably necessary" to effectuate their removal. *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001). This period is presumptively six months. *Id.* at 701. After the presumptively reasonable period and once the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must rebut this showing or release the noncitizen. *Id.* A growing consensus of district courts have held that the 6-month threshold detention period "is cumulative and that

periods of re-detention should be aggregated with the initial period of detention following the final removal order." *See Avdulovic v. Tate*, No. 25-cv-5873, 2025 WL 4640735, at *1 n. 1 (S.D. Tex. Dec. 22, 2025) (collecting cases); *Garcia-Aleman v. Thompson*, No. 5:26-cv-886-OLG, 2025 WL 3534806, at *4 (W.D. Tex. Nov. 24, 2025), report and recommendation adopted, 2025 WL 3532179 (Dec. 9, 2025). The Court finds these decisions persuasive and follows them, here. *See Le v. Bondi*, --- F. Supp. 3d ----, 2026 WL 1138362, at *3 (S.D. Tex. Apr. 21, 2026) (citing *Advulovic*, 2025 WL 4640735, at *1 n.1).

Gimenez Marrero was previously detained from December 27, 2004, to June 2, 2005, which is 157 days, or about five months, following the entry of his removal order. *See* Advisory. Now, he has been detained since April 5, 2026, approximately five and a half months. *Id.* Therefore, Gimenez Marrero has been detained far longer than the six month presumptively reasonable period set forth in *Zadvydas*, in the aggregate. *See generally* Pet.; Advisory; *see also* Resp. 4–5.

In terms of removal efforts, Respondents identified Mexico as an alternative country for removal but have been unable to remove him there on two occasions. *See* Resp. Ex. K ("Escobar Decl.") ¶¶ 7–11. Respondents state that "ERO El Paso is now pending the next available seat for third country removal to Mexico," and that "ERO anticipates there is a significant likelihood of removal in the foreseeable future." Escobar Decl. ¶¶ 9–11. However, as Respondents have acknowledged in numerous habeas cases before this Court, Mexico does not accept third country nationals for removal when they do not consent to go there. And, Cuba has denied consent for repatriation. *Id.* ¶ 7. Thus, Gimenez Marrero meets his burden of providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."

*Zadvydas*, 533 U.S. at 689–90. Respondents must rebut this showing by either demonstrating that Gimenez Marrero's removal is likely in the reasonably foreseeable future or deporting him.

Respondents provide no anticipated timeline for removal and appear to have taken virtually no concrete steps to identify an alternate country for removal in the time since they became aware that Cuba and Mexico were not viable options. *See* Escobar Decl. ¶¶ 6–11. Respondents have not identified any other potentially viable third countries for removal, nor do they aver that they are exploring other third countries for removal apart from Mexico. *See generally* Resp.; *see also* Escobar Decl. ¶¶ 6–11. Therefore, Respondents have failed to carry their burden of proving that Gimenez Marrero's removal is significantly likely in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 689–90; *see, e.g.*, *Trejo v. Warden of ERO El Paso East Montana*, --- F. Supp. 3d ----, 2025 WL 2992187, at *5–6 (W.D. Tex. Oct. 24, 2025). Nevertheless, because Respondents aver that they "continue[] to work on removing Petitioner to a third country," Escobar Decl. ¶ 6, the Court gives them a final opportunity to do so.

Accordingly, the Petition is **GRANTED IN PART**. *See id.* The Court **ORDERS** that, **on or before October 1, 2026**, Respondents shall either lawfully **REMOVE** Gimenez Marrero from the United States or **RELEASE** Gimenez Marrero from custody under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before October 1, 2026**, Respondents shall **FILE** notice informing the Court whether Gimenez Marrero has been removed from the country or released from custody in compliance with this Order.

**Barring exceptional circumstances, there will be no extensions of the October 1, 2026, deadlines**, unless they fall on a weekend or holiday, in which case, the deadlines are extended to the following business day.

**SO ORDERED**.

**SIGNED this 25th day of September, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE